**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| P.B., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:26-cv-964-CDL-AGH |
| | : | 28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, | : | |
| | : | |
| | : | |
| Respondents. | : | |

**ORDER & RECOMMENDATION**

Before the Court are Petitioner's application for habeas relief (ECF No. 1), Respondents' motion to dismiss (ECF No. 17), and three motions filed by Petitioner (ECF Nos. 2, 7, 16). On June 29, 2026, the Court ordered Respondents to provide Petitioner with a hearing under 8 U.S.C. § 1226(a)(2) to determine whether Petitioner should be released on bond. Order, ECF No. 5. In support of their motion to dismiss, Respondents filed a copy of the Immigration Judge's (IJ) order showing that Petitioner was ordered released from Respondents' custody on a $10,000.00 bond on August 10, 2026. Resp'ts' Mot. to Dismiss (MTD) Ex. B, ECF No. 17-3. Because Petitioner has received the relief ordered by the Court, Respondents now contend that Petitioner's pending habeas application should be dismissed. Resp'ts' MTD 1-2, ECF No. 17. As explained below, the Court recommends that Respondents' motion to dismiss (ECF No. 17) be granted, Petitioner's application for habeas relief (ECF No. 1) be dismissed, and Petitioner's motions for temporary restraining order (ECF No. 2)

and to enforce the Court's order (ECF No. 7) be denied as moot. Petitioner's motion for leave to amend his petition (ECF No. 16) is denied as moot.

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citing U.S. Const. art. III, § 2). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* (internal quotation marks omitted). "[P]ut another way, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id.* (internal quotation marks omitted). "Therefore, '[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.'" *Id.* (quoting *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001)).

Here, Petitioner was granted release on bond. A search of the Immigration and Customs Enforcement detainee locator shows that Petitioner is no longer in Respondents' custody. He does not challenge the IJ's bond order, and in fact, his petition specifically requests a bond hearing before an IJ. Pet. 9, ECF No. 1*; see Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022) (noting that the petitioner's prayer for relief was satisfied where he was released from custody under an order of supervision and did not challenge his conditions of release).[1] Accordingly, since there

[1] The Court notified Petitioner of his right to respond to Respondents' motion to dismiss on August 17, 2026. Order, ECF No. 18. Despite Petitioner notifying the Court of his change of address on August 10, 2026 (ECF No. 15), the Court's notice of the motion to dismiss and other orders have been returned

is no longer a live controversy such that this Court could afford Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336. Because the Court recommends that Petitioner's case be dismissed as moot, the Court also recommends that Petitioner's motions for temporary restraining order (ECF No. 2) and to enforce the Court's order (ECF No. 7) be denied as moot. The Court also denies as moot Petitioner's motion for leave to amend his petition (ECF No. 16).

It is therefore **RECOMMENDED** that Respondents' motion to dismiss (ECF No. 17) be **GRANTED**, Petitioner's application for habeas relief (ECF No. 1) be **DISMISSED as moot without prejudice** to his right to file a new § 2241 petition in the future if a change in his circumstances occurs, and that Petitioner's motions for temporary restraining order (ECF No. 2) and to enforce the Court's order (ECF No. 7) be **DENIED as moot**. Petitioner's motion for leave to amend his petition (ECF No. 16) is **DENIED as moot**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

---

as undeliverable (ECF Nos. 19, 20, 21). Petitioner failed to respond to challenge Respondents' motion or the IJ's bond order.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 9th day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE